STATE OF TENNESSEE

**CIRCUIT** Court of **Hamilton** County, Tennessee

NORMA JEAN ROGERS

    Plaintiff(s)

Vs.

LIFE CARE CENTERS OF AMERICA,

    Defendant(s)

CIVIL SUMMONS

NO. 12C333

ACTION: COMPLAINT


Return COPY
12 MAR -5 AM 10:59
FILED IN OFFICE
PAULA T. THOMPSON, CLERK
DC

To the above named Defendant(s):
    SERVE:    Life Care Centers of America
                  Guy Crosson
                  1020 Runyan Drive
                  Chattanooga, TN 37405

### SERVE THROUGH SHERIFF OF HAMILTON COUNTY

You are hereby summoned and required to serve upon the **LIFE CARE CENTERS OF AMERICA, GUY CROSSON**, Defendant, whose address is **1020 Runyan Drive, Chattanooga, Tennessee, 37405**, a complaint which is herewith served upon you within thirty (30) days after service of this summons upon you, exclusive of the day of service, and file a copy of the answer with this court within **THIRTY (30)** days after answer is made. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

Answer 4/9/12

WITNESS, _____ of said Court, issued this 5th day of March, 2012.

_____, Clerk
BY: Heather Vole, Deputy Clerk

Received this ____ day of _____,
_____, Sheriff-Deputy Sheriff

### RETURN ON SERVICE OF SUMMONS

I hereby certify and return, that on the 8th day of March, 2012, I served this summons together with a copy of the complaint herein as follows served Life Care Center of America by leaving with Betsy Martin, Director of Nursing

D. William #2431, Sheriff-Deputy Sheriff

### NOTICE

To the Respondent(s):
    Tennessee law provides a four thousand dollar ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary, however, unless it is filed before the judgment becomes final, it will not be effective as to any execution to any execution of garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed: these items of necessary wearing apparel (clothing) for yourself an your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

THIS SUMMONS IS ISSUED PURSUANT TO RULE 4 OF THE TENNESSEE RULES OF CIVIL PROCEDURE

**EXHIBIT A**

IN THE CIRCUIT COURT OF HAMILTON COUNTY, TENNESSEE

NORMA JEAN ROGERS, )
)
   Plaintiff, )
)
v. ) No. 12C333
)
LIFE CARE CENTERS OF AMERICA )
)
   Defendant. )

## COMPLAINT

Comes now the Plaintiff, Norma Jean Rogers, and would most respectfully show unto this Honorable Court as follows:

I.

That this is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff, Norma Jean Rogers, by the **Tennessee Human Rights Act**, as set forth in **T.C.A § 4-21-101**, et seq., by **Title VII** of the **Civil Rights Act of 1964** as codified in **42 U.S.C.S. § 2000(e)**, et seq., and by the **Family Medical Leave Act** as codified in **29 U.S.C.S § 2601**.

II.

That the Plaintiff, Norma Jean Rogers, is and was at all times material hereto a female citizen of the State of Tennessee. The Plaintiff was employed by the Defendant, Life Care Centers of America, (hereinafter referred to as "Life Care"), at a Life Care facility located in Red Bank, Hamilton County, Tennessee. The

Defendant can be served through Life Care Executive Director, Guy Crosson, at 1020 Runyan Drive, Chattanooga, Tennessee 37405.

III.

That the Plaintiff was discriminated against and wrongfully terminated from Life Care on March 18, 2011, less than a week after she informed Life Care that she was pregnant, and would be filing for a leave under the Family Medical Leave Act. The Plaintiff was a full-time CNA at Life Care since April 10, 2006. The Plaintiff earned $12.13 an hour at Life Care. During her nearly five years of employment at Life Care, the Plaintiff had only two minor infractions on her employment record. These infractions included, clocking in at work too early and failing to properly communicate while transferring a patient. On March 16, 2011, a Life Care patient with several handicaps allegedly accused the Plaintiff of grabbing her wheelchair, pointing her finger at patient, and telling her to "shut up". The Plaintiff denied this allegation, yet Life Care terminated her employment two days later on March 18, 2011. A Worker's Compensation Tribunal found that the Defendant could not prove these claims during a hearing on August 23, 2011.

IV.

That the Plaintiff was only terminated because she had informed Life Care of her intention to file for a leave under the Family Medical Leave Act. The Plaintiff informed Life Care that she would be leaving on June 25, 2011 in order to

give birth, and that she would return to work on October 16, 2011. Upon informing Life Care of her intention to file for a leave, Life Care Human Resources Director Phil Kurtz stated, "we are going to have to pay you for a lot of days". The Plaintiff would have gained an additional week of paid vacation if she would have been allowed to work until June 2011 before taking her leave. The Plaintiff had accumulated forty-two (42) total days of paid sick leave and paid vacation days. Because of the wrongful termination, the Plaintiff lost compensation for those earned days. The Plaintiff also lost her medical insurance during the course of her pregnancy due to her termination. Plaintiff believes she has been denied equal employment based upon her gender and the fact that she was pregnant.

V.

That as a direct and proximate result of the aforementioned acts and conduct of the Defendant and its agents, the Plaintiff has suffered lost wages, a loss of direct and indirect employment benefits, a loss of future earnings and benefits, mental pain and suffering, humiliation and embarrassment, and similar expenses and damages, which the Plaintiff should be compensated. Furthermore, the Plaintiff avers that she is entitled to an award of punitive damages against the Defendant as a consequence of the Defendant's willful, reckless, and outrageous conduct and a breach of their fiduciary responsibilities as the Plaintiff's employer and/or supervisors.

PREMISES CONSIDERED, PLAINTIFF PRAYS:

1. That proper process issue and be served upon the Defendant through the Hamilton County Sheriff's Department, requiring that the Defendant appear and answer hereto, but not under oath, their oath being hereby expressly waived.

2. That upon a hearing of this cause, the Plaintiff shall have judgment against the Defendant, for the sum of one hundred and fifty thousand ($100,000.00) as compensatory damages and the additional sum of five hundred thousand ($250,000.00) dollars as punitive damages, plus attorney's fees and expenses of litigation, all as authorized by statute.

3. That upon a hearing of this cause, the Defendant be required to pay the costs of this cause, including litigation expenses and discretionary costs pursuant to **Rule 54.04** of the **Tennessee Rules of Civil Procedure.**

4. That a jury of twelve (12) persons try all issues when joined.

5. For general relief.

LAW OFFICES OF HOWARD L. UPCHURCH
Attorneys for Plaintiff
P. O. Box 381
Pikeville, Tennessee 37367
Telephone: (423) 447-2903

By: /s/ Justin C. Angel
JUSTIN C. ANGEL
B.P.R. # 29745

## COST BOND

We are sureties for the non-discretionary costs of this cause.

                                    LAW OFFICES OF HOWARD L. UPCHURCH
                                    Attorneys for Plaintiff
                                    P. O. Box 381
                                    Pikeville, Tennessee 37367
                                    Telephone: (423) 447-2903

                                    By: _____
                                    JUSTIN C. ANGEL
                                    B.P.R. # 29745