UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

NORMA JEAN ROGERS )
) 1:12-CV-112
v. )
) Judge Curtis L. Collier
LIFE CARE CENTERS OF )
AMERICA, INC. )

## **M E M O R A N D U M**

Before the Court is a motion by Defendant Life Care Centers of America, Inc. ("Defendant") to dismiss Plaintiff Norma Jean Rogers' ("Plaintiff") complaint as a sanction pursuant to Rule 37(b)(2)(A)(v) of the Federal Rules of Civil Procedure for failure to comply with a discovery order (Court File No. 23). Rather than respond to the motion, Plaintiff invoked Rule 41(a) of the Federal Rules of Civil Procedure and sought dismissal of the case, presumably without prejudice (Court File No. 25). Defendant opposes Plaintiff's motion to dismiss without prejudice and seeks dismissal with prejudice (Court File No. 26). For the following reasons, Plaintiff is **ORDERED** to **SHOW CAUSE** within fourteen (14) days of the entry of this memorandum's accompanying order why this case should not be **DISMISSED WITH PREJUDICE**.

During discovery, Plaintiff failed to respond to Defendant's interrogatories or request for production of documents. According to Defendant's motion to compel, Plaintiff failed to respond to repeated requests for these discovery materials (Court File No. 21). The Court is without the benefit of Plaintiff's position on the discovery issues in this case because Plaintiff never filed a response to Defendant's motion to compel. The Magistrate Judge granted Defendant's motion and considered Plaintiff's opposition waived (Court File No. 22). In her order, the Magistrate Judge warned Plaintiff failure to abide by the motion to compel could result in dismissal. Plaintiff then failed again to produce the requested discovery. When Defendant filed the instant motion to

dismiss, Plaintiff did not file a response. Instead, Plaintiff filed a Rule 41(a)(2) motion seeking an order of dismissal (Court File No. 25). Pursuant to Rule 41(a)(2), Plaintiff must obtain an order from the Court dismissing this case, because Defendant has already filed an answer to Plaintiff's complaint. Plaintiff provided the Court no explanation for its motion, nor did she address the discovery issues that have occurred or her failure to respond to Defendant's motions. The only explanation provided to the Court was in Defendant's motion to dismiss, which included emails between Defendant's counsel and Plaintiff's counsel in which Plaintiff's counsel claims to have been unable to contact his client.

Defendant moves to dismiss pursuant to Rule 37(b)(2)(A)(v), which provides "[i]f a party . . . fails to obey an order to provide or permit discovery, . . . the court where the action is pending may . . . dismiss[ ] the action or proceeding in whole or in part." In dismissing under Rule 37(b), the record must reflect the Court considered

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Smith v. Nationwide Mut. Fire Ins. Co.*, 410 F. App'x 891, 894 (6th Cir. 2010) (quoting *Harmon v. CSX Transp., Inc.*, 110 F.3d 363, 366-67 (6th Cir. 1997)) (quotations omitted). "[D]ismissal is proper if the record demonstrates delay or contumacious conduct." *Id.* at 895 (quoting *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir.2002)).

First, the Court finds Plaintiff's failure to cooperate, although not in bad faith, was due to the fault of Plaintiff herself. *See Rogers v. City of Warren*, 302 F. App'x 371, 377 (6th Cir. 2008) (affirming a finding of extreme fault where plaintiff failed to appear twice, ignoring court orders,

2

because "[the plaintiff's] apparent inability to keep his counsel informed of his whereabouts and contact information demonstrates a reckless disregard for the effect that his conduct would have on the underlying case"). Plaintiff is still, as far as the Court is aware, out of touch with her attorney and has not participated in discovery even in light of court orders instructing her to do so and a motion to dismiss on the basis of her inaction. Second, Defendant has been prejudiced by Plaintiff's failure to comply with court orders and discovery requests. Defendant was forced to make repeated requests for compliance with discovery deadlines and court orders and to petition the Court to intervene. *See Smith*, 410 F. App'x at 896 ("[P]rejudice results '[n]ot only [when the aggrieved party is] unable to secure the information requested, but . . . also [when it is] required to waste time, money, and effort in pursuit of cooperation which [the other party] was legally obligated to provide.'") (quoting *Harmon*, 110 F.3d at 368). Third, Plaintiff was warned failure to abide by the Magistrate Judge's order compelling discovery could result in dismissal. *See id.* ("[T]he magistrate's order granting in part Nationwide's first motion to dismiss both warned the Smiths that further failure to cooperate could lead to dismissal and attempted to induce the Smiths' compliance by imposing a sanction less drastic than dismissal.").

Finally, it does not appear the Court is in a position to impose less drastic sanctions because Plaintiff's counsel is apparently unable to contact his client, even in the face of threatened dismissal and a pending motion to dismiss. The Court is cognizant that a dismissal in this case would be the first and only sanction imposed and that the delay in this case has been only a matter of months. *See Harmon*, 110 F.3d at 368 (affirming a Rule 37 dismissal where it was the first and only sanction but the delay had occurred for nearly one year). However, given Plaintiff's unexplained absence, any lesser sanction imposed would be ineffective in ensuring compliance with the Court's order. A

3

dismissal without prejudice, as Plaintiff's counsel now seeks, even pursuant to conditions, would be insufficient to ensure Plaintiff would comply with court orders and would not prosecute a future case in the manner she has prosecuted this one. Indeed, the Court notes the sanction in this case is not imposed as a result of an attorney's conduct but as a result of Plaintiff's own inaction. *See Rogers*, 302 F. App'x at 378 (affirming a dismissal after "the trial court found that plaintiff's neglect of his own case would likely continue and that alternate sanctions would only further burden the court's time").

However, considering the drastic nature of the Court's contemplated sanction, it will provide Plaintiff an opportunity to establish a lesser sanction would be sufficient. Therefore, Plaintiff is **ORDERED** to **SHOW CAUSE** within fourteen (14) days of the entry of this memorandum's accompanying order why this case should not be **DISMISSED WITH PREJUDICE**.

**An order shall enter.**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**